In re YOUNG.

(District Court, E. D. North Carolina.   October 6, 1905.)

**1. BANKRUPTCY—DISCHARGE—MAKING OF FALSE OATH.**

The verification by a bankrupt of an answer containing a false statement of fact does not constitute the making of a false oath in the proceeding, which deprives him of the right to a discharge, where the answer was filed after the time allowed by the bankruptcy act and was not considered.

**2. SAME—TRANSFER OF PROPERTY WITH INTENT TO HINDER AND DELAY CREDITORS.**

Evidence considered, and *held* to sustain objections to a bankrupt's discharge on the grounds (1) that he had committed an offense punishable by imprisonment in the making of a false oath in the verification of a motion filed in the bankruptcy proceedings, and also (2) that he transferred property within four months prior to the filing of the petition against him and while insolvent, with intent to hinder, delay, and defraud his creditors.

In Bankruptcy.   On bankrupt's application for discharge and objections thereto.

Godwin & Davis and Stewart & Godwin, for petitioners.
J. C. Clifford and D. T. Oates, for bankrupt.

PURNELL, District Judge.   This cause coming on to be heard on the report of the special master herein under district rule 8 in bankruptcy (33 C. C. A. xi), and being fully heard and argued by counsel, and duly considered, it is ordered that the report of the special master herein, as follows, both as to findings of facts and conclusions of law, be, and the same is hereby, in all respects confirmed:

"First. The first specification in opposition to discharge does not purport to set out an objection to the granting of the discharge.

"Second. That such application should not be granted because of the following facts: That during the pendency of these proceedings in bankruptcy against said E. F. Young, and before a notary public authorized by law to administer oaths, the said E. F. Young did knowingly and fraudulently take and subscribe a false oath in and in relation to said proceedings in bankruptcy, to wit, in a paper writing and pleading by him designated as a further defense to the original petition in bankruptcy, and article 7 thereof, viz: "That the conveyance of February 4, 1904, to D. F. Hodges, for $569, and duly recorded on February 18, 1904, in Book 162, p. 229, of the records of Harnett county, N. C., was not an act of bankruptcy as alleged, nor within the meaning of the statute relating to bankruptcy, in that the said land was sold by the respondent to said Hodges upon credit for the consideration of $569, for which the said Hodges executed and delivered to the respondent his promissory note for the sum of $569, secured by a mortgage deed of even date with said conveyance, conveying to the respondent the said tract of land, which said mortgage has been duly recorded in the register's office of Harnett county, N. C., which promissory note and mortgage the respondent still holds, and which is yet due, no part of the same having yet been paid"—your objectors specifying that said allegation and oath is false in fact, for that, at the time same was made and taken, the note and mortgage therein alleged were not held by the said bankrupt.'

"The undersigned finds the following facts upon the second specification:

"(1) That article 7 of the further answer, referred to in the above specification, is therein correctly quoted.

"(2) That this said further answer was verified by bankrupt on August 18, 1904.

"(3) That at the time of this verification, to wit, August 18, 1904, the bankrupt had discounted all of the Hodges notes, except one, with Geo. L. Canady, who indorsed the same to the First National Bank. One was turned over to the trustees.

"(4) That the statement contained in the seventh section of the fourth answer, to wit, 'That the bankrupt at the time of the verification of said further answer held the said notes in his possession,' was false.

"(5) That the said further answer was filed four days after the time permitted for the filing of an answer within the bankruptcy act, and upon a final hearing in the matter before the district judge it was ordered and adjudged that this answer was not properly filed.

"The undersigned concludes as a matter of law, as follows:

"That as the further answer, which contained the false statement, was filed after the time allowed by the bankruptcy act, and was not considered, it was not material then to the issue before the court, and he recommends that the second specification in objection to discharge be overruled. (Objectors except to the above conclusion of law.)

"Third. The third specification in objection to discharge was abandoned by the objectors.

"Fourth. That such application should not be granted because of the following facts: For that in this proceeding in bankruptcy the said E. F. Young, before a person authorized to administer oaths, did knowingly and fraudulently take and subscribe a false oath in relation to said proceeding in bankruptcy, viz., in a paper writing and pleading designated by said bankrupt as his motion to dismiss, and in article 1 thereof, to wit: "* * * It is not true that the respondent moved from the state or concealed himself for the purpose of avoiding service of the subpœna or other process, or that he in fact attempted to avoid service of the same. It is a fact that on Monday, the 6th day of June, without having knowledge or intimation that any creditor had filed a petition asking that he be adjudged a bankrupt, and without knowledge of any facts that would put him on notice of same, he left his home and went to Norfolk, Va., upon urgent business * * *"'—your objectors specifying and alleging that said allegation is false in fact, in that it is res adjudicata in this proceeding that said E. F. Young was aware of the fact that petition in bankruptcy had been by creditors filed against him in this court, and that such knowledge came to him on the evening of June 5, 1904, and such judgment and finding 'is particularly and specifically here pleaded and alleged.'

"The undersigned finds the following facts upon the fourth specification:

"(1) That so much of the first section of the bankrupt's motion to dismiss, filed June 29, 1904, as is pertinent to this specification is correctly quoted in the above specification. The motion to dismiss was duly verified by E. F. Young, before Robt. R. Boyd, notary public, on June 29, 1904. Said motion to dismiss is herewith sent and marked 'G.' The answer to the said motion to dismiss was filed 'H' in due time, to wit, July 2, 1904, and the first section is traversed.

"(2) That E. F. Young, the bankrupt, left Dunn, and the state of North Carolina, on the 6th day of June, 1904, for the purpose of avoiding service of process.

"(3) That at the time he had knowledge of the fact that bankruptcy proceedings had been instituted against him.

"(To this third finding of fact the bankrupt excepts.)

"(4) That at the time the said motion to dismiss was filed, service of subpœna and petition in bankruptcy had been made by personal service on the 25th day of June.

"The undersigned concludes as a matter of law as follows:

"That the bankrupt has committed an offense punishable by imprisonment under Bankr. Act, July 1, 1898, c. 541, § 29b (2) 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433], 'made a false oath * * * in relation to any proceeding in bankruptcy, * * * 'and he therefore recommends that the fourth specification in objections to discharge be not granted.

"Fifth. The undersigned will proceed to find the facts under the fifth, sixth, seventh, eighth, and tenth specifications, but as the legal effect of all these

specifications is the same, the conclusions of law bearing upon all of said specifications will appear just after the tenth specification.

" 'That such application should not be granted because of the following facts: That within the four months immediately preceding the, filing of the petition in bankruptcy against said E. F. Young, to wit, on the 5th day of February, 1904, the said E. F. Young did transfer unto said J. C. Clifford, trustee and attorney for the county of Harnett, certain land and property belonging to him, the said E. F. Young, with intent by such transfer to hinder, delay, and defraud his creditors, such transfer and conveyance being of record in Harnett county, said state, in Book 101, p. 16, and your objectors particularly and specifically plead that this objection and allegation of objection is res adjudicata in this proceeding, judgment having been rendered thereon, and said E. F. Young declared an involuntary bankrupt.'

"The undersigned finds the following facts upon the fifth specification:

"(1) That on the 10th day of February the bankrupt executed a mortgage to J. C.. Clifford, trustee and attorney for the county of Harnett, conveying the home tract of land and house thereon.  The mortgage was given to secure an indebtedness of the Merchants' & Farmers' Bank in the sum of $5,000 to the county of Harnett, said indebtedness having arisen as follows: For money deposited in the Merchants' & Farmers' Bank by the county of Harnett, said E. F. Young being chairman of the board of county commissioners of Harnett county, and president of the Merchants' & Farmers' Bank.

"(2) That, had the mortgage remained operative, the effect would have been to hinder and delay the other creditors of the bankrupt in the collection of the indebtedness due them, and that the bankrupt intended it should have this effect.

"(3) That the said E. F. Young was insolvent at the time said conveyance was made.

"(To this third finding of fact the bankrupt, through his attorneys, objects and excepts.)

"Sixth. 'That such application. should not be granted because of the following facts: That within the four months immediately preceding the filing of the petition in bankruptcy against said E. F. Young, to wit, on the 4th day of February, 1904, the said E. F. Young did transfer unto J. C. Clifford a certain piece or parcel of land, recited as four and one-half acres, and being land property belonging to said E. F. Young, with intent by such transfer to hinder, delay, and defraud his creditors, such transfer and conveyance being of record in Harnett county, said state, in Book 162, p. 205, and your objectors specifically plead and allege that the matter contained in this specification of objections is res adjudicata in this proceeding, judgment having been rendered thereon and said E. F. Young declared an involuntary bankrupt.'

"The undersigned finds the following facts upon the sixth specification:

"(1) That on the 4th day of February, 1904, the same bankrupt conveyed unto J. C. Clifford a tract of land, the said deed being recorded on the 10th day of February, 1904, in Book 162, p. 205, records of Harnett county.

"(2) That the said conveyance was made to pay Mr. Clifford money due him by said bankrupt.

"(3) That the said E. F. Young was insolvent at the time said conveyance was made.  (To this third finding of fact the bankrupt, through his attorneys, objects and excepts.)

"(4) That the effect of said conveyance to J. C. Clifford was to hinder and delay the other creditors of said bankrupt in the collection of amounts due them, and that the said transfer was made with this intent.

"Seventh and Eighth. 'That such application should not be granted because of the following facts: That within the four months immediately preceding the filing of the petition in bankruptcy against said E. F. Young, to wit, on the 12th day of February, 1904, the said E. F. Young did transfer unto Chas. W. Priddy & Co. certain land and property belonging to him, with intent by such transfer to hinder, delay, and defraud his creditors, to the advantage and with such intent of preferring certain of his creditors over and above the others, which such transfer or conveyance is of record in the county of Harnett, in Book 161, p. 446.'  'That such application should not be granted because of the following facts:  That within four months immediately preceding the filing

of the petition in bankruptcy against said E. F. Young, to wit, on the 9th day of February, 1904, the said E. F. Young did transfer unto J. T. Maddry certain land and property belonging to the said E. F. Young, with intent by such transfer to hinder, delay, and defraud his creditors, to the advantage of and with intent to prefer certain of his creditors over and above the others, and it is specifically pleaded and alleged that the matter set out in this specification of objection is res adjudicata in this proceeding, judgment having been entered and adjudication of involuntary bankrupt made upon an allegation of like nature in the original petition filed in this proceeding.'

"The undersigned finds the following facts upon the seventh and eighth specifications:

"(1) That the conveyance was made to Chas. W. Priddy & Co. on the 12th day of February, 1904, and recorded on the 12th day of February, 1904. That the said conveyance to J. T. Maddry was made on the 9th day of February, 1904, and recorded on the 13th day of February, on the records of Harnett county. The consideration of the conveyance to Chas. W. Priddy & Co. being $2,000, and the consideration of the conveyance to J. T. Maddry being $3,500.

"(2) That the property was sold for cash, and the purchasers, by direction of said E. F. Young, paid the purchase money direct to the Murchison National Bank, to be applied upon papers of the Merchants' & Farmers' Bank upon which E. F. Young was surety, and that the money was so applied.

"(3) That the effect of said transfer was to hinder and delay the other creditors in the collection of indebtedness due them, and that said transfers were made with such intent.

"(4) That at the time of said transfers the said E. F. Young was insolvent. (To the third and fourth findings of fact the bankrupt, through his attorneys, excepts.)

"Ninth. The ninth specification in objection to discharge was abandoned by the objectors.

"Tenth That such application should not be granted because of the following facts: That within four months immediately preceding the filing of the petition in bankruptcy against said E. F. Young, to wit, on February 11, 1904, the said E. F. Young did transfer unto P. J. Jeffreys certain land and property belonging to the said E. F. Young, with intent by such transfer to hinder, delay, and defraud his creditors, to the advantage of and with intent to prefer certain of his creditors over and above the others, and it specifically pleaded and alleged that the matter set out in this specification of objection is res adjudicata in this proceeding, as specified in article 8 thereof, and such transfer or conveyance is alleged as of record in Harnett county in Book 162, p. 202.'

"The undersigned finds the following facts upon the tenth specification:

"(1) That the mortgage to P. J. Jeffreys was dated December 31, 1903, probated on February 9, 1904, and recorded on the 10th day of February, 1904.

"(2) That the effect of said transfer was to hinder and delay the other creditors in the collection of their indebtedness, and that said transfer was made with such intent.

"(3) That at the time of the making of said transfer, the said E. F. Young was insolvent. (To the third and fourth findings of fact the bankrupt, through his attorneys, objects and excepts.)

"The undersigned concludes as a matter of law as follows:

"That the transfers above referred to fall within the scope of section 14b (4), as amended by Act Feb. 5, 1903, c. 487, § 4 [U. S. Comp. St. 1903, p. 411], which provides that a bankrupt shall not receive a discharge, 'if at any time subsequent to the first day of the four months immediately preceding the filing of the petition, transferred * * * any of his property with intent to hinder, delay, or defraud his creditors,' and he therefore recommends that the discharge be not granted.

"Eleventh. That such application should not be granted because of the following facts: For that the said E. F. Young, with intent to hinder, delay, and defraud his creditors, did knowingly and fraudulently conceal certain property belonging to him, and described and designed, as that portion of a certain tract of land known in Harnett county and in this proceeding as the "Surles Tract," allotted and laid off to the widow of the late J. C. Surles as her dower tract, and containing about 233 acres, more or less, and in which the

said E. F. Young owned the fee at the time of the institution of these proceedings in bankruptcy, and at the time the said E. F. Young prepared and filed in this proceeding his schedule of assets and liabilities, from which schedule the said E. F. Young left off said "Surles Dower Tract," which is of a value, your objectors are informed and believe, of about $3,000.'

"The undersigned finds the following facts upon the eleventh specification:

"(1) That the following appears in the schedule of said bankrupt 'J. C. Surles land, in the northern part of Dunn, about 140 acres, estimated value $5,000.'

"(2) That the total amount of acres in the 'Surles Tract' was 340, and that of this 340 acres about 200 acres had been allotted to Mrs. Surles as her dower, and she owned a life estate therein, and the remainder being in the bankrupt E. F. Young; that the said Mrs. Surles, widow, is about 65 years old; and that the fee simple to the dower tract is worth in the neighborhood of $3,500.

"(3) That the said E. F. Young, bankrupt, held all of this Surles land by one sheriff's deed; he purchasing the whole property at the execution sale. Later he brought an action of ejectment on the sheriff's deed, which resulted in his favor.

"(4) That Young did not have possession of the 200-acre dower tract.

"(5) That he failed to schedule his interest in the 200 acres tract of dower land.

"The undersigned concludes as a matter of law as follows:

"That there is not sufficient evidence to justify the finding that the failure to schedule the dower tract was with intent to hinder, delay, and defraud his creditors, or that he knowingly and fraudulently concealed the said property, and he therefore recommends that this specification be overruled.

"Twelfth. That such application should not be granted because of the following reasons: For that the said E. F. Young, did in this proceeding knowingly and fraudulently take and subscribe a false oath in and in relation to said proceedings in bankruptcy, in that he failed to include on his said schedule of assets the land described in article 11th thereof, and did make oath that the property listed in said schedule was a true, full, and correct schedule of all his property of whatsoever nature and description.'

"Section 14 of Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], provides that a discharge shall not be granted when the bankrupt has committed an offense punishable by imprisonment as herein provided, and section 29 provides that a bankrupt shall be imprisoned upon conviction of the offense of having knowingly or fraudulently made a false oath in or in relation to any proceeding in bankruptcy. In the opinion of the undersigned, the evidence is not sufficient to justify the finding that the bankrupt knowingly and fraudulently made a false oath when he listed the Surles land at 140 acres, instead of 340, and he therefore recommends that this specification be overruled.

"First and Second. For at the time of filing the schedules herein the bankrupt failed and omitted to include an indebtedness to A. F. Fowler in the sum of $1,000 or more, and did fail and omit to schedule said Fowler as a creditor of his estate, thereby then and there taking and subscribing a false oath to the effect that such schedules contained a full and complete statement and list of all of his creditors and liabilities whatsoever.

'For that at the time of the filing of the schedules herein the bankrupt failed and omitted to include an indebtedness to E. A. Jones in the sum of $1,000 or more, and did fail and omit to schedule said E. A. Jones as a creditor of his estate, thereby then and there taking and subscribing a false oath to the effect that such schedules contained a full and complete statement and list of all of his creditors and liabilities whatsoever.'

"The undersigned finds the following facts upon the first and second specification:

"(1) That the bankrupt was indebted to E. A. Jones and A. F. Fowler, each, in the sum of $1,000.

"(2) That he knowingly and fraudulently made false oath when he failed to schedule this indebtedness.

He therefore recommends that these specifications should be sustained. (The bankrupt through his attorneys objects and excepts to this finding of fact and conclusion of law.)

"Third. 'For that the bankrupt in this proceeding did within four months immediately preceding the filing of an involuntary petition in bankruptcy against him, transfer to A. B. Thomas property at that time belonging to him with intent to hinder and defraud his creditors.'

"The undersigned finds the following facts upon the third specification:

"(1) That within the four months preceding the institution of bankruptcy proceedings against him, the bankrupt transferred to Mrs. A. B. Thomas, as security for a loan, which she had made to the bankrupt and M. T. Young, for $600, the following property: 'Two shares of the Dunn Oil Mill Stock, $200; and four notes from Wm. Munds, land security, $400,—making $600.'

"(2) That the said bankrupt was insolvent at the time of the making of the said transfer.

"(3) That the effect of said transfer was to hinder and delay the other creditors in the collection of their indebtedness, and that the said transfers were made with this intent. (To the second and third findings of fact bankrupt excepts.)

"He therefore concludes that this specification should be sustained, and that the discharge be not granted.

"[Signed]                            S. H. MacRae, Special Master."

And it appearing to the court, upon investigation of the merits of the application herein, that the said bankrupt has (1) committed an offense punishable by imprisonment as provided in the act of July 1, 1898, as amended by Act Feb. 5, 1903, c. 487 [U. S. Comp. St. Supp. 1903, p. 411], entitled "An act to establish a uniform system of bankruptcy throughout the United States," and (2) that within four months preceding the filing of the petition he transferred and concealed his property with intent to hinder, delay, or defraud his creditors, it is ordered, adjudged, and decreed that the objections of creditors and parties in interest herein to the application of the said E. F. Young, bankrupt, for a discharge from his debts be, and the same are hereby, sustained, the prayer of said petition denied, and the discharge refused, and that the objecting creditors herein recover and have judgment against the bankrupt for the costs and disbursements upon the said bankrupt's petition for discharge, including an allowance of $25 to the special master for services herein rendered, the said costs to be taxed by the clerk of this court on the certificate of said special master.